## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN

---

**Martina Macias**

**On behalf of Herself and
all others similarly situated,**

      **Plaintiffs**

    v.

**Cut Fresh, LLC
V. Marchese & Co.**

      **Defendants.**

Case No. _____26-cv-1336_____

---

## COMPLAINT

---

Plaintiff, by her attorneys, for her Complaint against Defendants state as follows:

1.    This is an individual and collective action under the Fair Labor Standards Act, as well as an individual and class action under Wis. Stat. §103.02 and §109.03(1) and (5) against Defendants recover straight time and overtime compensation for time spent by the Plaintiff, as well as time spent by members of the proposed collective and class, to don protective clothing and equipment at the beginning of their shifts; and for rest periods that must count as hours worked under Wisconsin law.

### JURISDICTION AND VENUE

2.    This court has subject matter jurisdiction under 29 USC §216(b) and 28 U.S.C. §1331 because Plaintiff alleges violations of the FLSA, 29 U.S.C. §201 et seq; as well as supplemental jurisdiction over the Plaintiff's claims that arise under Wisconsin law that address Defendants' failure to compensate employees for the same donning time.

1

3.    This Court has personal jurisdiction over Defendants pursuant to Rule 4(k)(1)(a) of the Federal Rules of Civil Procedure because they are subject to the jurisdiction of a court of general jurisdiction in the State of Wisconsin, while the Eastern District of Wisconsin is located within Wisconsin.

4.    Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2) because Defendants reside in, and the events in this lawsuit occurred in the Eastern district of Wisconsin.

## THE PARTIES

5.    Named Plaintiff Martina Macias ("Macias" or "Plaintiff") is, and for many years has been employed by Defendants to process fruits and vegetables. Macias' signed FLSA consent to become a named plaintiff in this lawsuit is being filed at the same time as this Complaint.

6.    Defendant Marchese is a Wisconsin business corporation located in Milwaukee, Wisconsin that distributes fruits and vegetables.

7.    Defendant Cut Fresh, LLC is the processing arm of Marchese's produce distribution operation. Cut Fresh processes fruits and vegetables brought by Marchese, while Marchese distributes fruits and vegetables processed by Cut Fresh.

8.    Defendants Marchese and Cut Fresh are both owned by the third and fourth generations of the Marchese family along with Jack Wertz.

9.    Marchese and Cut Fresh share common officers, such as the Chief Financial Officer, Director of Human Resources, and Quality Control Manager, so that one entity pays the full salary and other compensation for these common officers, while the other entity receives services from the common officers without making any payments to the paying entity.

2

10. The same Director of Human Resources is responsible for performing human resources functions, such as hiring, firing, setting employee compensation, and maintenance of employee records, for both Marchese and Cut Fresh.

11. Marchese and Cut Fresh operate out of the same building complex located in Milwaukee, Wisconsin.

12. Marchese and Cut Fresh by virtue of their employing activities and operations within Wisconsin constitute employers within the meaning of Wis. Stat. 109.03(1). Marchese and Cut Fresh's integrated operations engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. 203, by, for example, purchasing fruits and vegetables from out of state vendors, processing those fruits and vegetables, and selling and transporting processed fruits and vegetables to customers located outside the State of Wisconsin. At all relevant times, each Defendant has had annual gross volume of business at or above $500,000.

## FACTS

13. To perform her fruit and vegetable processing duties for Defendants, Plaintiff is required by Defendants' Good Manufacturing Practices to wear a butcher coat, apron, hairnet, hard hat, Gloves, boots, and Goggles while processing fruits and vegetables.

14. Until 2026, Plaintiff was not allowed to take any of the protective clothing and equipment listed in Paragraph 13 of the Complaint home. Rather, at the end of each day she must take off the protective clothing and equipment so that they can be cleaned and sanitized by Defendants.

15. At the beginning of each shift, Plaintiff would go into the locker room, drop off her personal items, and pick up her cleaned and sanitized goggles, hard hat, and boots.

3

16.     Plaintiff would then leave the locker room, go into the hallway, and pick up the butcher coat and apron that are hung on hooks in the hallway. In addition, Plaintiff would pick up disposable hairnets and gloves.

17.     Plaintiff would put on all of her protective clothing or equipment with the exception of her gloves before punching in on a time clock. Plaintiff would then enter the Sanitation Control Room after she punched in on the time clock.

18.     In 2026, Cut Fresh modified its policy, so that Plaintiff was now required to take her goggles, hard hat, boots, and apron home at the end of each shift. Plaintiff would still take off her butcher coat, hairnet, and gloves at the end of each shift; and Cut Fresh would still clean and sanitize the butcher coat.

19.     After Cut Fresh modified its policy, Plaintiff would still at the beginning of her shift retrieve a cleaned butcher coat from a hook in the hallway, retrieve her disposable hairnet and gloves, don all protective clothing and equipment except for the gloves, and then punch in on the time clock.

20.     Plaintiff followed the same order to retrieve her protective clothing and equipment, put on her protective clothing and equipment, and punching in, as other employees who processed fruits and vegetables at the Cut Fresh facility.

21.     Defendants implemented Good Manufacturing Practices that required employees to wear the protective clothing and equipment listed in Paragraph 13 of the Complaint while processing fruits and vegetables, which is necessary and indispensable to ensure the cleanliness, marketability, and safety of the Defendants' products.

22.     Plaintiff frequently worked and was paid for more than 40 hours per week, so that during the past two years she would have received more overtime pay, had the time between when

4

she retrieved her helmet, goggles, and boots in the locker room and when she punched in, or in 2026 the time between when she retrieved her butcher coat and when she punched in, been counted as hours worked.

23. Defendants required employees who worked at the Cut Fresh facility, including the Named Plaintiff, to punch out and punch in on the time clock for her meal periods.

24. Because Defendants used the meal punch out and punch in times to compute the amount of time to deduct from each employee's hours worked each day for the meal period, Defendants had actual notice that employees working at the Cut Fresh facility punched in fewer than 30 minutes after they punched out for meal periods.

25. In the litigation between Alfredo Gomez Velazquez and the same Defendants, Plaintiff filed with the Court a list of employees who punched in fewer than 30 minutes after they punched out for their meal periods.

26. Defendants have never made any attempt to enforce policies that required their employees to take a full 30 minutes for their meal periods.

27. Plaintiff, just like other employees of Defendants, sometimes punched in fewer than 30 minutes after she punched out for her meal periods. On such days fewer than 30 minutes would pass between when Plaintiff stored her last piece of protective clothing or equipment before leaving for her meal period, and when Plaintiff retrieved her first piece of protective clothing or equipment upon returning from her meal period.

28. Even though Defendants never made any attempt to enforce policies that required employees to take meal periods lasting 30 minutes or longer, they programmed their payroll software to deduct rest periods shorter than 30 minutes from their employees' hours worked.

5

## COLLECTIVE ACTION ALLEGATIONS

29. Macias brings her First Claim for Relief, pursuant to the Fair Labor Standards Act, on her own behalf and on behalf of all other hourly non-exempt employees at the Cut Fresh facility who began their workdays by processing fruits and vegetables.

30. Macias is similarly situated to other collective members because she wore the same protective clothing and equipment as other collective members when processing fruits and vegetables, and because she would follow the same order to retrieve and put on her protective clothing and equipment and then punch in as other collective members. The Court can thus uniformly determine both whether all collective members would retrieve and don their protective clothing and equipment first before punching in; and whether the protective clothing and equipment is integral and indispensable to the cleanliness and marketability of the Defendants' fruit and vegetable products, so that time spent by Plaintiff and other collective members to retrieve and don protective clothing and equipment must count as hours worked.

## CLASS ALLEGATIONS

31. Macias seeks to represent the following classes pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All hourly employees employed by Defendants Marchese and/or Cut Fresh, LLC who during the time period between August 4, 2024 and the present either (a) engaged in the processing of fruits and vegetables at the Cut Fresh facility; or (b) was not paid for a meal break though his/her time clock punches reported to Marchese and/or Cut Fresh, LLC that he or she punched back in less than 30 minutes after he or she punched out for a meal period.

32. The persons in the class identified above are so numerous that joinder of all members is impracticable. There are more than 100 members in both proposed subclasses, including former employees who may have left Wisconsin, as well as current employees who are economically dependent on Defendants.

6

33. These are questions of law and fact common to the Wisconsin Unpaid Wage Class (Rule 23 Class) that predominate over any questions solely affecting individual members of the class, including, but not limited to:

(a) Whether under DWD §272.12(2)(e) the class members' activities of washing their hands and donning and doffing protective clothing and equipment are integral and indispensable to their principal activity of processing fruits and vegetables in a sanitary and marketable manner;

(b) Whether pursuant to the uniform "flow" of the facility employees who processed fruits and vegetables at the Cut Fresh facility would retrieve and don their protective clothing and equipment first before punching in;

(c) Whether on days when employees punched in fewer than 30 minutes after they punched out for meal periods, Defendants suffered or permitted employees to perform work during a portion of their meal periods, so that Defendants provided their employees fewer than 30 minutes during which they were completely relieved from duty;

(d) The appropriate method to estimate the amount of time spent by class members to retrieve and don protective clothing and equipment before punching in, the appropriate methodology to compute damages for class members using the Defendants' records, and whether Defendants' failure to promulgate any policies in response to the lawsuit filed by Gomez-Velazquez meant that it withheld wages from its employees for dilatory or unjust reasons, so that an award of Wisconsin liquidated damages is appropriate.

34. Plaintiff's claims are typical of those of the Rule 23 class in that she, just like each member of the proposed classes that she seeks to represent, retrieved and donned protective clothing and equipment before punching in, and had meal periods deducted from her hours worked even though she punched in fewer than 30 minutes after she punched out for her meal periods.

35. Named Plaintiff will fairly and adequately protect the interests of the Rule 23 class; and has retained counsel who is experienced in complex wage and hour litigation.

36. The common questions listed in Paragraph 33 of the Complaint predominate because the Court can estimate as a matter of just and fair inference the amount of time that class

7

members spent to retrieve and don their protective clothing and equipment before punching in; and because the Court can apply a uniform formula to the estimate and the Defendants' own records to compute damages for each and every class member.

37. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Defendants' common and uniform policies and practices denied the Wisconsin Unpaid Wage Class the wages for work performed to which they are entitled. The damages suffered by the individual Wisconsin Unpaid Wage Class members are likely in the range of hundreds of dollars per year, which are too small to justify litigating any claims against Cut Fresh on an individual basis. In addition, class certification is superior because it will permit the Court to resolve predominant legal questions that drive the resolution of this litigation, while obviating the need for unduly duplicative litigation that might result in inconsistent judgments about the legality of the Defendant's pay practices.

## COUNT I.   CLAIM FOR UNPAID MINIMUM WAGE AND OVERTIME PAY UNDER THE FLSA.

38. Plaintiff re-alleges, and incorporates by reference, the allegations contained in paragraphs 1-37 of the Complaint.

39. Plaintiff's work of retrieving and donning her protective clothing and equipment at the beginning of her workday, which is required by the Defendants Good Manufacturing Practices and necessary to ensure the cleanliness and marketability of the Defendants' fruit and vegetable products, was integral and indispensable to her principal activity of processing fruits and vegetables for Defendants.

40. Plaintiffs' time spent retrieving and donning her protective clothing and equipment before she punched in on the time clock therefore must count as hours worked.

8

41.     Plaintiff should recover in this lawsuit all additional overtime pay she would have received, had Defendants counted all of her time spent retrieving and donning protective clothing and equipment before punching in as hours worked.

42.     Even after the lawsuit filed by Gomez-Velazquez alerted Defendants that their employees were donning protective clothing and equipment before punching in, and even though it was feasible to enforce such a policy, Defendants have made no effort to either promulgate or enforce a policies that required employees to punch in first before retrieving and donning their protective clothing and equipment.  Therefore, Plaintiff is entitled to recover 100% liquidated damages on all overtime wages that she should have received had her time spent retrieving and donning protective clothing and equipment counted as hours worked, plus the application of a three-year statute of limitations for willful violations.

43.     Plaintiff is additionally entitled to recover her reasonable attorneys' fees incurred in prosecuting this first cause of action.

## COUNT II.  CLAIM FOR UNPAID WAGES UNDER WISCONSIN LAW.

44.     Plaintiff re-alleges, and incorporates by reference, the allegations contained in paragraphs 1- 43 of the Complaint.

45.     Plaintiff's time spent retrieving and donning protective clothing and equipment must count as hours worked under Wisconsin law.

46.     Under Wisconsin law, rest periods of short duration running less than 30 minutes must count as hours worked; whereas bona fide meal periods of 30 minutes or longer during which the employee is completely relieved from duty is not work time.

47.     Under Wisconsin law, work that is suffered or permitted is counted as work time.

9

48. Defendants knew that its employees were returning to work fewer than 30 minutes after they punched out for their meal periods yet made no effort to enforce any policies that required employees to take a full 30 minutes for their meal periods.

49. Because Plaintiff was suffered or permitted to perform work during her meal period, on each day that she punched in fewer than 30 minutes after she punched out for her meal period, Plaintiff was not provided with a period of 30 minutes or longer during which she was completely relieved from duty for the purpose of eating a meal.

50. On each day that Plaintiff was provided with fewer than 30 minutes for a meal period because she was suffered or permitted by Defendants to return to work early, she was provided with a compensable rest period rather than a non-compensable meal period.

51. Pursuant to Wis. Stat. §103.02, all hours worked by the employee must be paid at no less than the employee's regular rates, i.e. the rate agreed upon between the employer and the employee to compensate the employee for his or her hours worked. Plaintiff therefore is entitled to be paid at her regular hourly rate for the time that she spent to retrieve and don protective clothing and equipment, as well as for her compensable rest periods, even if she did not work more than 40 hours during the week.

52. In addition, because Wisconsin law requires employers to pay overtime pay for all hours worked over 40 per week, Plaintiff is entitled to recover all additional overtime pay she should have received, had her time spent retrieving and putting on protective clothing and equipment and her rest periods counted as hours worked.

53. By failing to pay to the Plaintiff all straight time and overtime wages required by Wisconsin law within 31 days of when the work was performed, Defendants violated Wis. Stat. §109.03(1), so that Plaintiff may bring suit under Wis. Stat. 109.03(5) to recover all straight time

10

and overtime wages owed to her plus her reasonable attorneys' fees and costs incurred in prosecuting this action pursuant to Wis. Stat. §109.03(6).

54. In response to the lawsuit filed by Gomez-Velazquez, Defendants have made no effort to enforce any policies that either required employees to punch in first before retrieving and donning protective clothing and equipment or required employees to take the full 30 minutes for their meal periods. Rather, Defendants continued to accept the benefits of employees retrieving and donning protective clothing and equipment, as well as their rest periods that primarily benefited Defendants by promoting the efficiency of employees, without compensation. Defendants therefore withheld straight time and overtime wages from Plaintiff for dilatory and unjust reasons, so that Plaintiff is entitled to recover the 50% liquidated damages provided by Wis. Stat. §109.11(2).

WHEREFORE, the Plaintiff respectfully request the Court to enter an order that:

a. Finds that Marchese and Cut Fresh combine to form a single employer;

b. Finds that both Marchese and Cut Fresh are liable to her, along with all other collective members, for all additional overtime pay they would have received had their time spent retrieving and donning protective clothing and equipment been counted as hours worked, plus an equal amount as liquidated damages, to be awarded pursuant to a three-year statute of limitations;

c. Finds that both Marchese and Cut Fresh are liable to her, along with all other class members, for all additional straight time and overtime pay they would have received had both their time spent retrieving and donning protective clothing and equipment and their compensable rest periods counted as hours worked, plus 50% liquidated damages;

d. Awards to Plaintiff her reasonable attorneys' fees and costs incurred in maintaining and prosecuting this action on an individual, collective, and class basis and

11

e.  Awards to Plaintiff such other and further relief as the Court deems just and proper.

Dated this 4th day of August, 2026.

<div style="margin-left: 50%;">

/s/Yingtao Ho_____

Yingtao Ho
Email: yh@previant.com
Attorney for Plaintiffst
The Previant Law Firm S.C.
310 W. Wisconsin Avenue, Suite 100MW
Milwaukee, WI  53203
Telephone: 414-271-4500
Fax: 414-271-6308

Krysta R. Kennedy
Kennedy Law Offices, LLC
10425 W. North Ave
Suite 120
Wauwatosa, WI 53226
P: 414-301-5330
F: 414-301-4313
krk@kennedylawllc.com

</div>

12

<div align="center">
Consent to Opt In and
Participate as a Named Plaintiff in Suit for
Violations of Fair Labor Standards Act
</div>

I, Martina Macias, hereby consents to participate in a lawsuit against Cut Fresh, LLC. This written consent is intended to serve as my consent in writing to join in this lawsuit and become a party plaintiff as required by 29 U.S.C. § 216(b).

During the last two years, I frequently worked more than 40 hours per week. Because I always donned protective clothing first before punching in, I have never been paid for my time spent donning protective clothing that are made necessary by the nature of work that I performed for Cut Fresh. I therefore consent to join in a lawsuit for unpaid overtime wages, liquidated damages, attorneys' fees and costs against Cut Fresh.

By signing and returning this consent to sue, I understand that I will be represented by The Previant Law Firm, s.c. and Kennedy Law Office, LLC.


Dated: July 30, 2026


Signed: _Martina Macias_

<div align="center">4</div>